IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 2:19-CR-01 |
| v. | § | Judge JRG/RSP |
| | § | |
| MARK MCLEAN FARMER (01) and | § | SEALED |
| MADILYNNE REID FARMER (02) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

Violation: 21 U.S.C. § 846
(Conspiracy to Possess with the Intent to Distribute and Distribution of Anabolic Steroids)

Beginning in or about August 2018, the exact date being unknown to the United States Grand Jury and continuing until at least November 2018, in the Eastern District of Texas, the defendants, **Mark McLean Farmer, Madilynne Reid Farmer,** and others known and unknown to the Grand Jury, did intentionally and unlawfully, combine, conspire, confederate, and agree with each other and with others, both known and unknown to the United States Grand Jury, to violate a law of the United States of America, to wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to distribute and distribution of anabolic steroids, a Schedule III controlled substance.

In violation of 21 U.S.C. § 846.

## COUNT TWO

> Violation: 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Possess with the Intent to Distribute Anabolic Steroids, Aiding and Abetting)

On or about October 16, 2018, in the Eastern District of Texas, the defendant, **Mark McLean Farmer,** knowingly and intentionally possessed with intent to distribute anabolic steroids, a Schedule III controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT THREE

> Violation: 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Possess with the Intent to Distribute Anabolic Steroids, Aiding and Abetting)

On or about October 30, 2018, in the Eastern District of Texas, the defendants, **Mark McLean Farmer** and **Madilynne Reid Farmer**, aided and abetted by each other, knowingly and intentionally possessed with intent to distribute anabolic steroids, a Schedule III controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT FOUR

>Violation: 21 U.S.C. §§ 952(b), 960(a)(1), and 960(b)(5)
>(Importation of Anabolic Steroids)

On or before October 30, 2018, in the Eastern District of Texas, defendant, **Mark McLean Farmer**, did knowingly import anabolic steroids, Schedule III controlled substances, into the United States from a place outside thereof, namely China.

In violation of 21 U.S.C. §§ 952(b), 960(a)(1), and 960(b)(5).

## COUNT FIVE

>Violation: 21 U.S.C § 331(a) & 18 U.S.C. § 2
>(Misbranded Drugs, Aiding and Abetting)

The United States Food and Drug Administration (FDA) is the agency of the United States responsible for, among other things, enforcing the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. §§ 301, *et seq.* A primary purpose of the FDCA is to protect the public health by regulating the manufacturing, labeling, and distribution of drugs shipped or received in interstate commerce.

Under the FDCA, a "drug" is defined as, among other things, "articles (other than food) intended to affect the structure or any function of the body of man or other animals" or "articles intended for use as a component of other drugs." 21 U.S.C. §§ 321(g)(1)(C) and (D).

Under the FDCA, the term "label" is defined to include "a display of written, printed, or graphic matter upon the immediate container of any article...." 21 U.S.C. §

321(k). The term "labeling" is defined as "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article." 21 U.S.C. § 321(m).

Under the FDCA, a drug is misbranded if, among other things:

    a. its labeling is false or misleading in any particular. 21 U.S.C. § 352(a); and

    b. the drug is in package form and does not bear a label containing the name and place of business of the manufacturer, packer, or distributor. 21 U.S.C. § 352(b).

The FDCA prohibits doing and causing the following acts: introducing or delivering for introduction into interstate commerce a drug that is misbranded. 21 U.S.C. § 331(a).

On or about October 16, 2018, in the Eastern District of Texas, the defendants, **Mark McLean Farmer** and **Madilynne Reid Farmer**, aided and abetted by each other, introduced and delivered for introduction into interstate commerce drugs, namely, anabolic steroids, within the meaning of 21 U.S.C. §§ 321(g) (1) that were misbranded in violation of 21 U.S.C. §§ 331(a). These drugs were misbranded in the following ways:

    a) within the meaning of 21 U.S.C. § 352(b)(1), in that their labeling, in package form, failed to include the name and address of the manufacturer, packer, or distributor.

b) Within the meaning of 21 U.S.C. § 352(f), in that their labeling failed to include adequate directions for use.

In violation of 21 U.S.C. § 331(a).

## COUNT SIX

Violation: 21 U.S.C. § 843(b) (Use of the Mails to Facilitate or Commit a Drug Trafficking Crime)

On or about October 16, 2018, in the Eastern District of Texas, the defendant, **Mark McLean Farmer**, did knowingly and intentionally use a communications facility, the United States mail, in facilitating the commission of any act or acts constituting a felony under Title 21 U.S.C., § 841, that is, the offense set forth in Count Two of this indictment, incorporated by reference herein.

In violation of 21 U.S.C. § 843(b).

## COUNT SEVEN

Violation: 18 U.S.C. § 924 (c) (Use, Carrying, and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime)

On or about October 30, 2018, in the Eastern District of Texas, the defendant, **Mark McLean Farmer**, did knowingly use and carry one or more firearms during and in relation to, and did knowingly possess the firearms in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, possession with intent to distribute anabolic steroids, as prohibited under 21 U.S.C. § 841(a)(1) and charged in Count Two of this indictment. The firearms were:

(1) Short Barrel M7A1 556 Caliber Rifle with an Advanced Armanent silencer;
(2) Fallout 10 308 Caliber Rifle;
(3) VEPR 12 Caliber Shotgun;
(4) FNX-45 45 Caliber Pistol with a Silencerco silencer;
(5) USP9 Compact 9 Caliber Pistol;
(6) SR-22 22 Caliber Pistol;
(7) P938 Equinox 9 Caliber, Pistol.

In violation of 18 U.S.C. § 924 (c)

# NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461(c)

As a result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c):

1. any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2. any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

3. any and all firearms, ammunition and accessories seized from the defendants, including but not limited to the following:

**Firearms/Ammunition:**

(1) Troy Defense M7A1, .556 caliber rifle, SN:GJJ73132470
(2) Advanced Armament unknown caliber silencer, SN:M21551
(3) Black Rain Ordnance Inc. Fallout 10, .308 caliber rifle, SN:SI006008
(4) Molot (Vyatskie Polynay Machine Building Plant) VEPR, 12-gauge shotgun, SN:13VTC6730
(5) FNH USA, LLC FNX-45, .45 caliber pistol, SN:FX3U080416
(6) Silencerco OSP4534156 unknown caliber silencer, SN: unknown
(7) Heckler and Koch USP9 Compact, 9mm pistol, SN:27-181494
(8) Ruger SR-22, .22 caliber pistol, SN:36707718
(9) Sig-Sauer P938 Equinox, 9mm pistol, SN:52A028510
(10) 30 rounds of unknown manufacturer .556 caliber ammunition
(11) 13 rounds of unknown manufacturer .45 caliber ammunition
(12) 8 rounds of unknown manufacturer 9mm ammunition
(13) 220 rounds of unknown manufacturer .556 caliber ammunition
(14) 13 rounds of unknown manufacturer 9mm ammunition
(15) 250 rounds of unknown manufacturer, unknown caliber ammunition
(16) 200 rounds of unknown manufacturer .556 caliber ammunition
(17) 1,331 rounds of unknown manufacturer, unknown caliber ammunition
(18) 120 rounds of unknown manufacturer .762 caliber ammunition
(19) 120 rounds of unknown manufacturer .762 caliber ammunition
(20) 120 rounds of unknown manufacturer .762 caliber ammunition

(20) 120 rounds of unknown manufacturer .762 caliber ammunition

**Virtual Currency:**

(1) 4.8836697 Bitcoin (BTC valued at $30,698.93 at the time of seizure
(2) 100.402496170317 Ethereum (ETH) valued at $19,709.15 at the time of seizure

**Cash Proceeds:**

A sum of money equal to $720,000 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendants as a result of the offense(s) alleged in this indictment, for which the defendants are personally liable.

**Substitute Assets:**

If any of the property described above as being subject to forfeiture, as a result of any act of omission of the defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty.

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-describe property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____
COLLEEN BLOSS
Assistant United States Attorney

01/17/19
Date

Indictment – Page 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | NO. 2:18-CR- |
| v. | § § | Judge _____ |
| MARK MCLEAN FARMER (01) and MADILYNNE REID FARMER (02) | § § § | SEALED |

## NOTICE OF PENALTY

### COUNTS ONE, TWO, AND THREE

Violation:  21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(E)(i)

Penalty:  Not more than 10 years' imprisonment, a fine not to exceed $250,000, or both, and a term of supervised release not to exceed 3 years.

Special Assessment:  $100.00

### COUNT FOUR

Violation:  21 U.S.C. §§ 952(b), 960(a)(1), and 960(b)(5)

Penalty:  Not more than 10 years' imprisonment, a fine not to exceed $250,000 or both, and a term of supervised release not to exceed 3 years.

Special Assessment:  $100.00

## COUNT FIVE

| | |
|---|---|
| Violation: | 21 U.S.C. §§ 331(a) & 333 (a)(1), & 18 U.S.C. § 2 |
| Penalty: | Not more than 1 year imprisonment, a fine not to exceed $100,000, or both, and a term of supervised release not to exceed 1 year.<br><br>But if the violation was committed with the intent to defraud or mislead, then not more than 3 years' of imprisonment, a fine not to exceed $250,000, or both, and a term of supervised release not to exceed 1 year. |
| Special Assessment: | $100.00 |

## COUNT SIX

| | |
|---|---|
| Violation: | 21 U.S.C. § 843(b) |
| Penalty: | Not more than 4 years' imprisonment, a fine not to exceed $250,000 or both, and a term of supervised release not to exceed 3 years. |
| Special Assessment: | $100.00 |

## COUNT SEVEN

| | |
|---|---|
| Violation: | 18 U.S.C. § 924 (c) |
| Penalty: | Imprisonment of not less than 5 years, or more than life, which must be served consecutively to any other term of imprisonment; a fine not to exceed $250,000.00, or both; and a term of supervised release not to exceed five years.<br><br>If the firearm is equipped with a silencer then imprisonment of not less than 30 years, which must be served consecutively to any other term of imprisonment; a fine not to exceed $250,000.00, or both; and a term of supervised release not to exceed five years. |
| Special Assessment: | $100.00 |